**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
OMEGA AUGUSTUS,

                        Plaintiff,

   -against-

THE NEW YORK AND PRESBYTERIAN HOSPITAL,
AMN SERVICES OF NEW YORK, LLC, ONWARD
HEALTHCARE, LLC, ONWARD HEALTHCARE, INC.,
CLAUDIA DUZLA, individually, and
RONDA WINTER, individually,

                        Defendants.
-------------------------------------------------------------------------X

Civil Case No.: 21-cv-7471

**COMPLAINT**

PLAINTIFF DEMANDS
A TRIAL BY JURY

Plaintiff, OMEGA AUGUSTUS (hereinafter referred to as "Plaintiff"), by and through her attorneys, Derek Smith Law Group, PLLC, hereby complains of Defendants, THE NEW YORK AND PRESBYTERIAN HOSPITAL, AMN SERVICES OF NEW YORK, LLC, ONWARD HEALTHCARE, LLC, ONWARD HEALTHCARE, INC., CLAUDIA DUZLA, individually, and RONDA WINTER, individually (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

**NATURE OF CASE**

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"); the Americans with Disabilities Act of 1990 ("ADA"), as amended; the laws of the State of New York ("NYSHRL"); and the Administrative Code of the City of New York ("NYCHRL"); based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia,* Defendants' sex/gender discrimination, pregnancy discrimination, disability discrimination, retaliation, and wrongful termination against Plaintiff.

**JURISDICTION AND VENUE**

2.  Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII and the ADA. The Court also has jurisdiction pursuant to 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3.  Additionally, this Court has supplemental jurisdiction under the State and City law causes of action asserted in this action.

4.  On or about June 3, 2020, Plaintiff filed a Charge with the Equal Employment Opportunities Commission ("EEOC") (Charge No. 520-2020-03875).

5.  On or about June 12, 2021, Plaintiff received a Right to Sue Letter from the EEOC.

6.  Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7.  Venue is proper in this District based upon the fact that the events or omissions that give rise to the claims asserted herein occurred within the Southern District of New York.

**PARTIES**

8.  Plaintiff is an individual female, who is a resident of the State of New York, Monroe County.

9.  At all times material, Defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL (hereinafter "NYP") is a domestic not-for-profit corporation, duly existing by the virtue and laws of the State of New York that does business in the State of New York.

10. At all times material, Defendant NYP was and is a nonprofit academic medical center located in New York City.

11. At all times material, Defendant AMN SERVICES OF NEW YORK, LLC (hereinafter referred to as "AMN") is a foreign limited liability company duly existing by the virtues and laws of the State of North Carolina that does business in the State of New York.

12. At all times material, Defendant AMN was and is a healthcare workforce solutions company that does business nationwide.

13. At all times material, Defendants ONWARD HEALTHCARE, LLC and ONWARD HEALTHCARE, INC. (hereinafter collectively referred to as "ONWARD") are foreign limited liability companies duly existing by the virtues and laws of the State of Delaware that does business in the State of New York.

14. At all times material, Defendants ONWARD was and is a traveling nurse staffing agency that does business nationwide.

15. At all times material, Defendants NYP, AMN, and ONWARD (hereinafter collectively referred to as "Defendants") were joint employers over Plaintiff.

16. At all times material, Defendant CLAUDIA DUZLA (hereinafter referred to as "DUZLA") is an individual female, who is a resident of the State of New York.

17. At all times material, Defendants employed Duzla as an Emergency Room Nurse Manager.

18. At all times material, Defendant Duzla held supervisory authority over Plaintiff, controlling many tangible aspects of Plaintiff's job duties, including the power to hire and fire Plaintiff.

19. At all times material, Defendant RONDA WINTER (hereinafter referred to as "WINTER") is an individual female, who is a resident of the State of New York.

20. At all times material, Defendants employed Winter as Agency Clinical Manager.

21. At all times material, Defendant Winter held supervisory authority over Plaintiff, controlling many tangible aspects of Plaintiff's job duties, including the power to hire and fire Plaintiff.

22. At all times material, Defendants meet the definition of an "employer" under all applicable state and local statutes.

**MATERIAL FACTS**

23. In March 2020, Defendants hired Plaintiff as a Registered Nurse to work at New York Presbyterian Lower Manhattan Hospital.

24. Plaintiff previously worked for Defendants as a nurse, under both short and long-term employment contracts, and always performed her job duties to the highest standards.

25. On April 15, 2020, Plaintiff informed DUZLA, Defendants' Emergency Room Nurse Manager, that she was pregnant.

26. On April 17, 2020, during Plaintiff's scheduled shift, Plaintiff informed Defendant Duzla that Plaintiff's doctor had advised her to limit strenuous physical activity during her pregnancy.

27. On April 20, 2020, Plaintiff received a medical note from her doctor supporting Plaintiff's request for a reasonable accommodation and emailed it to Defendant Duzla, who did not respond to Plaintiff's request.

28. The following day, on April 21, 2020, Defendants' Agency Clinical Manager, WINTER, contacted Plaintiff via telephone to discuss her pregnancy and medical note.

29. During this conversation, Defendant Winter notified Plaintiff that Defendants would be unable to accommodate Plaintiff's request for light duty during the remainder of her pregnancy.

30. Quite shockingly, Defendant Winter continued to inform Plaintiff that her employment with Defendants was terminated effective immediately.

31. Plaintiff was completely taken aback by Defendants blatant discrimination against her as a result of her pregnancy and reasonable accommodation request.

32. Further, Defendants failed to engage in any interactive dialogue with Plaintiff with respect to her job duties and/or medical restrictions before summarily and unjustifiably terminating Plaintiff's employment.

33. Plaintiff, in a desperate plea to keep her job, advised Defendant Winter that there were many ways for Defendants to accommodate her request for light duty during the remainder of her pregnancy. Specifically, Plaintiff informed Defendant Winter that she knew of numerous positions within the hospital emergency room where she could work pursuant to her medical restrictions.

34. However, despite Plaintiff's efforts to save her job, Defendants neglected to engage in the interactive process with Plaintiff.

35. After Plaintiff's phone conversation with Defendant Winter, Plaintiff texted Defendant Duzla to clarify her restrictions and remind Duzla that most, if not all, of Plaintiff's job duties as a registered nurse could still be performed, despite Plaintiff's pregnancy and her doctor's recommendation of light duty. Notably, Plaintiff's only substantive restriction was that she could not transport patients *by herself,* and instead required assistance.

36. Shortly after, Defendant Duzla called Plaintiff and reconfirmed that the hospital refused to accommodate Plaintiff's request for light duty.

37. In response, Plaintiff also suggested that she be able to work in the pediatric unit as a floater and work on the adult side of the emergency room, which would accommodate Plaintiff's medical restrictions.

38. However, Defendant Duzla proceeded to inform Plaintiff that her shifts had been cancelled and she would get back to Plaintiff once she had a final determination from her "head boss."

39. On April 21, 2020, Plaintiff texted Defendant Duzla again to ask if she had any updates from her boss with regard to reinstating Plaintiff's employment with Defendants. However, Defendant Duzla never replied to Plaintiff.

40. On April 22, 2020, Plaintiff called Defendant Winter to ask if she had any updates for Plaintiff regarding the status of her employment. However, Defendant Winter never replied.

41. Defendants terminated Plaintiff's employment less than a week after informing them that she was pregnant.

42. At all times material, Defendants discriminated against Plaintiff on the basis of her pregnancy, sex/gender, and disability/perceived disability.

43. At all times material, Defendants could have, yet failed to accommodate Plaintiff's request for a reasonable accommodation.

44. At all times material, Defendants failed to engage in the interactive process with Plaintiff to consider whether a reasonable accommodation was possible.

45. At all times material, Defendants unlawfully terminated Plaintiff on the basis of her pregnancy.

46. At all times material, Defendants retaliated against Plaintiff on the basis of her request for reasonable accommodation.

47. Plaintiff hereby requests reinstatement.

48. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and severely emotionally distressed.

49. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

50. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

51. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against all Defendants, jointly and severally.

52. The above are just some examples of the unlawful discrimination to which Defendants subjected Plaintiff.

## CAUSES OF ACTION

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
**[Against Corporate Defendant]**

53. Plaintiff realleges and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

54. Title VII states in relevant part as follows: "SEC. 2000e-2. [Section 703] (a) Employer Practices; it shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her/his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

55. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her sex/gender.

56. Moreover, Title VII, as amended in 1978 by the Pregnancy Discrimination Act ("PDA"), provided that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment related purposes…as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k).

57. Defendants engaged in unlawful employment practices by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff on the basis of her sex/gender and pregnancy.

58. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
### [Against Corporate Defendant]

59. Plaintiff realleges and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

60. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

61. Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions or privilege of employment because of her opposition to the unlawful employment practices of Defendant.

62. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE AMERICANS WITH DISABILITIES ACT
### [Against Corporate Defendant]

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. Plaintiff claims Defendant violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

65. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or

discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

66. Section 102 continues: "As used in subsection (a) of this section, the term 'discriminate against a qualified individual on the basis of disability' includes … (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

67. Defendants violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of his associated disability.

68. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the ADA.

69. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT
[Against Corporate Defendant]

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

72. Defendants violated the above and Plaintiff suffered numerous damages as a result.

73. Plaintiff hereby makes a claim against Defendants under all of the applicable

paragraphs of the ADA.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW
## [Against All Defendants]

74. Plaintiff realleges and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

75. New York State Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

76. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex/gender, disability and pregnancy related condition leading to Plaintiff's wrongful termination.

77. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff on the basis of her sex/gender, pregnancy, and disability.

78. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

79. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## NEW YORK STATE LAW
## [Against All Defendants]

80. Plaintiff realleges and incorporates the allegations set forth in the paragraphs

above as though fully set forth herein.

81. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

82. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment on the basis of Plaintiff's opposition to the unlawful practices of Defendants.

83. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

### AS A SEVENTH CAUSE OF ACTION
### FOR AIDING AND ABETTING
### UNDER NEW YORK STATE LAW
### [Against All Defendants]

84. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

85. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

86. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

87. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law.

88. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
### [Against All Defendants]

89. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

90. The Administrative Code of City of NY §8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

91. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against Plaintiff because of her sex/gender.

92. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A NINTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
### [Against All Defendants]

93. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

94. The New York City Administrative Code Tide 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter…."

95. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(7) by discriminating against Plaintiff because of her opposition to the unlawful employment practices of Plaintiffs' employer.

96. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A TENTH CAUSE OF ACTION
FOR AIDING AND ABETTING UNDER
<u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>
[Against All Defendants]**

97. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as is fully set forth at length.

98. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

99. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

100. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AN ELEVENTH CAUSE OF ACTION
FOR INTIMIDATION UNDER
<u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>
[Against All Defendants]**

101. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

102. Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the

exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

103. Defendants violated the above section as set forth herein and Plaintiff suffered numerous damages as a result.

## AS A TWELFTH CAUSE OF ACTION
## FOR SUPERVISOR LIABILITY UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
### [Against All Defendants]

104. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as is fully set forth at length.

105. Section 8-107(13) entitled Employer Liability for Discriminatory Conduct By Employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section. b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

106. Defendants violated the above section as set forth herein and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action, and for such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

Dated: September 7, 2021
        New York, New York

                                **DEREK SMITH LAW GROUP, PLLC**
                                Attorneys for Plaintiff

                                */s/ Rachel Allen*
                                _____

                                Rachel Allen, Esq.
                                One Penn Plaza, Suite 4905
                                New York, New York 10119
                                212-587-0760